FILED

2016 Dec-15  PM 04:11
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

BALKRISHNA SETTY, individually and )
as general partner in Shrinivas        )
Sugandhalaya Partnership with Nagraj   )
Setty, and SHRINIVAS                   )
SUGANDHALAYA (BNG) LLP                  )
                                        )
    Plaintiffs,                    )
                                        )
v.                                      )    Civil Action No. _____
                                        )
SHRINIVAS SUGANDHALAYA LLP and )
R. EXPO (USA), INC.                     )
                                        )
    Defendants.                    )
                                        )
                                        )

## COMPLAINT

Plaintiffs, Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP (collectively, "Plaintiffs") for their complaint allege as follows:

### NATURE OF ACTION

1.    This is an action for unfair competition, false advertising and false designation of origin in violation of the Lanham Act, 15 U.S.C. § 1125(a) and related claims for unfair competition under common law.

2.    This is also an action for procurement by false or fraudulent declaration or other false means of federal trademark registrations in the U.S.

Patent & Trademark Office ("USPTO") in violation of the Lanham Act, 15 U.S.C. §1120.

3.     This is also an action seeking cancellation of federal trademark registrations pursuant to the Lanham Act, 15 U.S.C. §1119.

4.     This is also an action for tortious interference with contractual and business relationships under common law and the laws of the State of Alabama.

5.     This Complaint also seeks a declaration under the Declaratory Judgment Act, 28 U.S.C. §2201-02, to settle an actual controversy between Plaintiffs Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP and Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc. regarding trade dress used in connection with the packaging of certain products manufactured by Plaintiff Shrinivas Sugandhalaya (BNG) LLP.

### THE PARTIES

6.     Plaintiff Balkrishna Setty is a citizen of India residing at No. 1679, 15th Main Road, B.S.K. 2nd Stage, Bengaluru – 560 070, India.

7.     Plaintiff Shrinivas Sugandhalaya (BNP) LLP is a foreign limited liability partnership having a place of business at No. 282 / 1, Opposite Bapujinagar Bus Stand, Byatarayanapura, Mysuru Road, Bengaluru - 560026, Karnataka, India.  Plaintiff Balkrishna Setty is an owner and partner of Plaintiff Shrinivas Sugandhalaya (BNP) LLP.

8.     Defendant Shrinivas Sugandhalaya LLP is a foreign limited liability partnership having a place of business at E-105, Ansa Industrial Estate, Saki Vihar Road, Sakinaka, Mumbai, Maharashtra, India 400072.

9.     Defendant R. Expo (USA), Inc. is a Washington corporation with a place of business at 2703 West Valley Highway, Auburn, Washington 98001.

## JURISDICTION AND VENUE

10.    The Court has original jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 1338(a) and (b) and 15 U.S.C. § 1121.

11.    The Court has supplemental jurisdiction over Plaintiffs' common law claims pursuant to 28 U.S.C. §1367.

12.    This Court has personal jurisdiction over Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc. (collectively, "Defendants'") because Defendants have, *inter alia*, transacted business within this District, and/or committed tortious acts within this District, including advertising, offering for sale, selling and shipping products into this District, including products that are the subject of Plaintiffs' claims made herein. In particular, Defendant Shrinivas Sugandhalaya LLP exports to the United States incense products, including the incense products that are the subject of Plaintiffs' claims made herein, that are advertised, promoted, offered for sale, sold and shipped by Defendant R. Expo (US), Inc. throughout the United States, including this District, using a network of

wholesalers and retailers. Specifically, for example, incense products manufactured by Defendant Shrinivas Sugandhalaya LLP and distributed by Defendant R. Expo (USA). Inc., including products that are the subject of this action, are offered for sale and sold at Golden Temple Natural Grocery and Cafe at Five-Points South, 1901 11th Ave S., Birmingham, AL  35205 and Golden Temple Hoover, 3301 Lorna Road No. 4, Hoover, AL  35216. Additionally, Defendant R. Expo (USA), Inc. operates an interactive website where consumers can purchase the incense products. This Court has both general and specific jurisdiction over the Defendants.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the unlawful acts of Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc. complained of herein have been committed by Defendants within this District and have had or will have had effect in this District. In the alternative, venue is proper in this District pursuant to 28 U.S.C. § 1391 as Defendants are subject to this Court's personal jurisdiction with respect to this action.

## FACTUAL BACKGROUND

### Shrinivas Sugandhalaya Partnership and Its Trademark

14.    Shrinivas Sugandhalaya Partnership (the "Partnership") is a general partnership formed under the laws of the country of India pursuant to a Deed of

Partnership, made and entered into at Mumbai, India on December 24, 1999 ("Deed of Partnership").

15.     The Partnership consists of two partners, namely,  Plaintiff Balkrishna Setty and Mr. Nagarj Setty, each having equal ownership of the Partnership.

16.     The Partnership was formed for the purpose of continuing the incense manufacturing and distribution business founded in 1964 by the late Mr. K.N. Satyam Setty and promoted under the mark SHRINIVAS SUGANDHALAYA.

17.     The Partnership, by itself and/or through its licensees and predecessors in interest, has made substantial and continuous commercial use of the SHRINIVAS SUGANDHALAYA mark in the United States since at least 1973 in connection with, *inter alia*, air fragrance preparations in the form of incense sticks, dhoop sticks, dhoop cones and dhoop powder (collectively, the "Partnership Goods").

18.     As a result of the Partnership's long and substantial use of the SHRINIVAS SUGANDHALAYA mark throughout the United States, consumers have come to recognize the mark and associate it with the Partnership and the Partnership Goods.

19.     In addition to common law rights in the SHRINIVAS SUGANDHAYALA mark, the Partnership owns two U.S. federal trademark registrations incorporating the SHRINIVAS SUGANDHAYALA mark.

20.     In particular, the Partnership is owner of U.S. Trademark Registration No. 3,438,680 ("the '680 Registration") for SATYA SUPER HIT SINCE 1964 MADE IN INDIA EXPORT QUALITY SHRINIVAS SUGANDHALAYA P.B. NO. 2318 BANGALORE - 560 023 INDIA and Design for Incense sticks.  The '680 Registration issued from Application Serial No. 76/653,291 ("the '291 Application"), filed on September 1, 2004, by Mr. Nagraj Setty and claiming a date of first use of December 31, 1996.

21.   The Partnership is owner of U.S. Trademark Registration No. 4,550,014 ("the '014 Registration") for the mark SATYA RAIN FOREST INCENSE, MFRS.: SHRINIVAS SUGANDHALAYA, SATYA, SATYA INIVAS S, NAG CHA HALAYA, SRINIVAS SUGANDHALAYA SATYA SAIBAB, S and Design for Air fragrances preparations in the form of Agarbatti, Masala Batti, Incense Sticks, Masala Incense Sticks, Perfumed Incense Sticks, Dhoop Sticks, Dhoop Cones and Dhoop Powder. The '014 Registration issued from U.S. Application Serial No. 85/758,208 ("the '208 Application"), filed on October 19, 2012, by Mr. Nagraj Setty, claiming a date of first use of July 1, 2009. Submitted with the '208 Application was the following drawing of the mark:



22.    In addition to the SHRINIVAS SUGANDHALAYA mark, the Partnership has promoted the Partnership Goods within the United States under the names BLESSINGS, SANDALWOOD, SUNRISE, PATCHOULI FOREST, MIDNIGHT, CELESTIAL, ROMANCE, JASMINE BLOSSOM, FORTUNE, SATYA SAI BABA NAG CHAMPA and SATYA NAG CHAMPA (collectively, "Product Names").  Some of the Product Names were adopted and first used in commerce within the United States in 2007, and others were adopted and first used in commerce within the United States in 2009.

**Mr. Nagraj Setty's Acknowledgement That Shrinivas Sugandhalaya Partnership Possesses Rights in the Packaging of the Partnership Products**

23.    In an attempt to obtain federal registrations covering the Product Names and the packaging of the Partnership Products sold under the Product Names, Mr. Nagraj Setty filed trademark applications in the USPTO in the name of the Partnership.  The trademark applications were all filed in 2012.

24.    In particular, on October 19, 2012, Mr. Nagraj Setty filed on behalf of the Partnership U.S. Trademark Application No. 85/758,204 ("the '204 Application") for the mark SATYA NAG CHAMPA TRY OUR OTHER NEW PRODUCTS: SATYA CELESTIAL MIDNIGHT PATCHOULI FOREST SANDALWOOD SUNRISE JASMINE BLOSSOM ROMANCE FORTUNE RAIN FOREST SATYA REKINDLING YOUR THIRST FOR FINE FRAGRANCE BLESSINGS IS A VERY MILD FRAGRANCE TO ENHANCE

YOUR HABITAT, TRY FOR YOUR YOGA AND MEDITATION. S SSS

SHRINIVAS SUGANDHALAYA SATYA SAIBABA NAG CHAMPA

SRINIVAS SUGANDHALAYA SATYA BLESSINGS SHRINIVAS

SUGANDHALAYA and Design for Incense sticks; incense, namely, agarbatti and

masala batti incense, claiming a date of first use of July 1, 2009. Submitted with

the '204 Application was the following drawing of the mark:



25.    The USPTO refused registration of the '204 Application on multiple

grounds including, *inter alia*, that the packaging, as displayed in the drawing of the

applied-for mark, was non-distinctive.

26.    On October 19, 2012, Mr. Nagraj Setty filed on behalf of the

Partnership U.S. Trademark Application No. 85/758,203 ("the '203 Application)

for the mark SATYA NAG CHAMPA TRY OUR OTHER NEW PRODUCTS:

SATYA MIDNIGHT PATCHOULI FOREST CELESTIAL SUNRISE

BLESSINGS JASMINE BLOSSOM ROMANCE FORTUNE RAIN FOREST SATYA REKINDLING YOUR THIRST FOR FINE FRAGRANCE S SSS SHRINIVAS SUGANDHALAYA SATYA SAIBABA NAG CHAMPA SRINIVAS SUGANDHALAYA SATYA SANDALWOOD SHRINIVAS SUGANDHALAYA and Design for Incense sticks and incense, namely, agarbatti and masala batti incense sticks and incense all made in whole or significant part of sandalwood oil, claiming a date of first use of November 17, 2007. Submitted with the '203 Application was the following drawing of the mark:



27.     The USPTO refused registration of the '203 Application on multiple grounds including, *inter alia*, that the packaging, as displayed in the drawing of the applied-for mark, was non-distinctive.

28.     On October 19, 2012, Mr. Nagraj Setty filed on behalf of the Partnership U.S. Trademark Application Serial No. 85/758,202 ("the '202

Application) for the mark SATYA NAG CHAMPA TRY OUR OTHER NEW PRODUCTS: SATYA MIDNIGHT PATCHOULI FOREST CELESTIAL SANDALWOOD BLESSINGS JASMINE BLOSSOM ROMANCE FORTUNE RAIN FOREST SATYA REKINDLING YOUR THIRST FOR FINE FRAGRANCE S SSS SHRINIVAS SUGANDHALAYA SATYA SAIBABA NAG CHAMPA SRINIVAS SUGANDHALAYA SATYA SUNRISE SHRINIVAS SUGANDHALAYA and Design for Incense sticks; incense, namely, agarbatti and masala batti incense, claiming a date of first use of February 9, 2007. Submitted with the '202 Application was the following drawing of the mark:



29.     The USPTO refused registration of the '202 Application on multiple grounds including, *inter alia*, that the packaging, as displayed in the drawing of the applied-for mark, was non-distinctive.

30.   On October 19, 2012, Mr. Nagraj Setty filed on behalf of the Partnership U.S. Trademark Application No. 85/758,200 ("the 200 Application") for the mark SATYA NAG CHAMPA TRY OUR OTHER NEW PRODUCTS: SATYA MIDNIGHT SANDALWOOD CELESTIAL SUNRISE BLESSINGS JASMINE BLOSSOM ROMANCE FORTUNE RAIN FOREST SATYA REKINDLING YOUR THIRST FOR FINE FRAGRANCE S SSS SHRINIVAS SUGANDHALAYA SATYA SAIBABA NAG CHAMPA SRINIVAS SUGANDHALAYA SATYA PATCHOULI FOREST SHRINIVAS SUGANDHALAYA and Design for Incense sticks and incense, namely, agarbatti and masala batti incense sticks and incense all made in whole or significant part of patchouli oil, claiming a date of first use of February 9, 2007.  Submitted with the '200 Application was the following drawing of the mark:



31.    The USPTO refused registration of the '200 Application on multiple grounds including, *inter alia*, that the packaging, as displayed in the drawing of the applied-for mark, was non-distinctive.

32.    On October 19, 2012, Mr. Nagraj Setty filed on behalf of the Partnership U.S. Trademark Application No. 85/758,199 ("the '199 Application") for the mark SATYA NAG CHAMPA TRY OUR OTHER NEW PRODUCTS: SATYA PATCHOULI FOREST SANDALWOOD CELESTIAL SUNRISE BLESSINGS JASMINE BLOSSOM ROMANCE FORTUNE RAIN FOREST SATYA REKINDLING YOUR THIRST FOR FINE FRAGRANCE S SSS SHRINIVAS SUGANDHALAYA SATYA SAIBABA NAG CHAMPA SRINIVAS SUGANDHALAYA SATYA MIDNIGHT SHRINIVAS SUGANDHALAYA and Design for Incense sticks and incense, namely, agarbatti and masala batti incense sticks and incense, claiming a date of first use of February 9, 2007.  Submitted with the '199 Application was the following drawing of the mark:



33.     The USPTO refused registration of the '199 Application on multiple grounds including, *inter alia*, that the packaging, as displayed in the drawing of the applied-for mark, was non-distinctive.

34.     On October 19, 2012, Mr. Nagraj Setty filed on behalf of the Partnership U.S. Trademark Application No. 85/758,197 ("the '197 Application") for the mark SATYA NAG CHAMPA TRY OUR OTHER NEW PRODUCTS: SATYA PATCHOULI FOREST SANDALWOOD MIDNIGHT SUNRISE BLESSINGS JASMINE BLOSSOM ROMANCE FORTUNE RAIN FOREST SATYA REKINDLING YOUR THIRST FOR FINE FRAGRANCE S SSS SHRINIVAS SUGANDHALAYA SATYA SAIBABA NAG CHAMPA SRINIVAS SUGANDHALAYA SATYA CELESTIAL SHRINIVAS SUGANDHALAYA and Design for Incense sticks; incense, namely, agarbatti and

masala batti incense, claiming a date of first use of February 9, 2007.  Submitted

with the '197 Application was the following drawing of the mark:



35.    The USPTO refused registration of the '197 Application on multiple

grounds including, *inter alia*, that the packaging, as displayed in the drawing of the

applied-for mark, was non-distinctive.

36.    On October 19, 2012, Mr. Nagraj Setty filed on behalf of the

Partnership U.S. Trademark Application No. 85/758,209 ("the '209 Application")

for the mark SATYA, ROMANCE, SHRINIVAS SUGANDHALAYA,

HALAYA, S, INIVAS, SUGANDHALA, YA, SAIBABA, NAG, CHAMPA,

CHA and Design for Incense sticks; incense, namely, agarbatti and masala batti,

claiming a date of first use of July 1, 2009.  Submitted with the '209 Application

was the following drawing of the mark:



37.     The USPTO refused registration of the '209 Application on multiple grounds including, *inter alia*, that the packaging, as displayed in the drawing of the applied-for mark, was non-distinctive.

38.     On October 19, 2012, Mr. Nagraj Setty filed on behalf of the Partnership U.S. Trademark Application No. 85/758,207 ("the '207 Application") for the mark SATYA, JASMINE BLOSSOM, SHRINIVAS SUGANDHALAYA, HALAYA, S, INIVAS, SUGANDHALA, YA, SAIBABA, NAG, CHAMPA, CHA and Design for Incense sticks; incense, namely, agarbatti and masala batti, all of the foregoing containing jasmine oil, claiming a date of first use of July 1, 2009. Submitted with the '207 Application was the following drawing of the mark:



39.    The USPTO refused registration of the '207 Application on multiple grounds including, *inter alia*, that the packaging, as displayed in the drawing of the applied-for mark, was non-distinctive.

40.    On October 19, 2012, Mr. Nagraj Setty filed on behalf of the Partnership U.S. Trademark Application No. 85/758,205 ("the '205 Application") for the mark SATYA, FORTUNE, SHRINIVAS SUGANDHALAYA, HALAYA, S, INIVAS, SUGANDHALA, NAG, CHAMPA, YA, CHA and Design for Incense sticks; incense, namely, agarbatti and masala batti, claiming a date of first use of July 1, 2009.  Submitted with the '205 Application was the following drawing of the mark:



41.    The USPTO refused registration of the '205 Application on multiple grounds including, *inter alia*, that the packaging, as displayed in the drawing of the applied-for mark, was non-distinctive.

42.    On August 23, 2012, Mr. Nagraj Setty filed on behalf of the Partnership U.S. Trademark Application No. 85/711,014 ("the '014 Application") for the mark SATYA SAI BABA NAG CHAMPA LABEL IS THE REGISTERED TRADEMARK OF SHRINIVAS SUGANDHALAYA" S SSS SHRINIVAS SUGANDHALAYA SRINIVAS SUGANDHALAYA SATYA SAIBABA NAG CHAMPA QUALITY ACCEPTED WORLD WIDE SATYA SAI BABA SHRINIVAS SUGANDHALAYA EXPORT QUALITY and Design for Incense; incense sticks; incense, namely, dhoop, agarbatti and masala batti incense, claiming a date of first use of January 31, 1990.  Submitted with the '014 Application was the following drawing of the mark:



43.     The USPTO refused registration of the '014 Application on multiple grounds including, *inter alia*, that the packaging, as displayed in the drawing of the applied-for mark, was non-distinctive.

44.     On August 23, 2012, Mr. Nagraj Setty filed on behalf of the Partnership U.S. Trademark Application No. 85/710,971 ("the '971 Application") for the mark S 'SATYA NAG CHAMPA LABEL IS THE TRADEMARK OF SHRINIVAS SUGANDHALAYA'" SATYA REKINDLING YOUR THIRST FOR FINE FRAGRANCE S SSS SHRINIVAS SUGANDHALAYA SRINIVAS SUGANDHALAYA SATYA NAG CHAMPA QUALITY ACCEPTED WORLD WIDE SATYA NAG CHAMPA SHRINIVAS SUGANDHALAYA EXPORT QUALITY and Design for Incense; incense sticks; incense, namely, dhoop,

agarbatti and masala batti incense.  Submitted with the '205 Application was the following drawing of the mark:



45.    The USPTO refused registration of the '971 Application on multiple grounds including, *inter alia*, that the packaging, as displayed in the drawing of the applied-for mark, was non-distinctive.

46.    The packaging depicted in the drawings submitted with the '208 Application, the '291 Application, the '204 Application, the '203 Application, the '202 Application, the '200 Application, the '199 Application, the '197 Application, the '209 Application, the '207 Application, the '205 Application, the '014 Application and the '971 Application (collectively, the "Partnership Applications") are hereafter collectively referred to as the "Partnership Packaging."

47.     When filing each of the Partnership Applications in the name of the Partnership, Mr. Nagraj Setty acknowledged and represented to the USPTO that the Partnership possesses exclusive ownership rights in the Partnership Packaging.

48.     The Partnership is the exclusive owner of the SHRINIVAS SUGANDHALAYA mark and the text and designs displayed on the Partnership Packaging, and the Partnership has not assigned or otherwise conveyed to any third party any ownership rights in the SHRINIVAS SUGANDHALAYA mark or the text and designs displayed on the Partnership Packaging.

**Transfer of Incense Manufacturing from Shrinivas Sugandhalaya Partnership to Plaintiff Balkrishna Setty and Mr. Nagraj Setty**

49.     At least until about December of 2014, the Partnership manufactured the Partnership Products at facilities under the control and supervision of Shrinivas Sugandhalaya Partnership.  The Facilities were located in Bengaluru, India and Mumbai, India.  "Bengaluru" is also sometimes spelled "Bangalore."

50.     At least until about December of 2014, the Partnership exported the Partnership Products to the United States packaged in the Partnership Packaging, where the Partnership Products were promoted, offered for sale, distributed and sold.

51.     Sometime in 2014, control of the manufacturing of incense products was effectively transferred from the Partnership to its partners, Plaintiff Balkrishna Setty and Mr. Nagraj Setty thereby allowing them to manufacture, package,

distribute and promote incense products, independently of one another, under the SHRINIVAS SUGANDHALAYA mark.

52. On or about November 21, 2014, Plaintiff Balkrishna Setty formed Plaintiff Shrinivas Sugandhalaya (BNG) LLP for the purpose of manufacturing, packaging, distributing and promoting air fragrance preparations in the form of incense, incense sticks and other related products (collectively, the "Plaintiffs' Incense Products") under the SHRINIVAS SUGANDHALAYA mark.

53. Plaintiff Shrinivas Sugandhalaya (BNG) LLP manufactures Plaintiffs' Incense Products at facilities located at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" and "No. 282 / 1, Opposite Bapujinagar Bus Stand, Byatarayanapura, Mysuru Road Bengaluru - 560026, Karnataka, India" (collectively, "Plaintiffs' Facilities").

54. Upon information and belief, Mr. Nagraj Setty formed Defendant Shrinivas Sugandhalaya LLP on or about September 8, 2014, for the purpose of manufacturing, packaging, distributing, and promoting incense sticks and related products (collectively, the "Defendant's Incense Products") under the SHRINIVAS SUGANDHALAYA mark.

55. Upon information and belief, Defendant Shrinivas Sugandhalaya LLP manufactures Defendant's Incense Products at facilities located at "E-105, Ansa Industrial Estate, Sakivihar Road, Sakinaka, Mumbai – 400 072, Maharashtra,

India" and "Survey No 80841, Vadevahalli Village, Harohalli, Hobli, Bengaluru, India" (collectively, "Defendant's Facilities").

56.    Plaintiffs do not manufacture any products at Defendant's Facilities or exercise any control over Defendant's Facilities or the manufacture, packaging, distribution, quality or promotion of Defendant's Incense Products.

57.    Defendants do not manufacture any products at Plaintiffs' Facilities or exercise any control over Plaintiffs' Facilities or the manufacture, packaging, distribution, quality or promotion of Plaintiffs' Incense Products.

58.    Plaintiff Shrinivas Sugandhalaya (BNG) LLP and Defendant Shrinivas Sugandhalaya LLP are not partners. To the contrary, Plaintiff Shrinivas Sugandhalaya (BNG) LLP and Defendant Shrinivas Sugandhalaya LLP are direct competitors.

59.    Plaintiff Shrinivas Sugandhalaya (BNG) LLP and Defendant Shrinivas Sugandhalaya LLP neither account to one another for the sale of their respective incense products, nor share the proceeds resulting therefrom.

**Distribution of Plaintiffs' and Defendant's**
**Respective Incense Products Within the United States**

60.    Plaintiff Shrinivas Sugandhalaya (BNG) LLP exports Plaintiffs' Incense Products to the United States where the products are distributed, offered for sale, sold and promoted under the SHRINIVAS SUGANDHALAYA mark, including over the Internet and in this District.

61.    Plaintiffs' Incense Products exported to the United States include, *inter alia*, products promoted under the names SPIRITUAL HEALING, OPIUM, LAVENDER, MUSK, KARMA, REIKE, JASMINE, SANDALWOOD, DRAGON'S BLOOD, CHAMPA, VANILLA, ROSE, NAMASTE, POSITIVE VIBES, PATCHOULI, PYRAMIDS, MEDITATION, TULSI, TRADITIONAL AYURVEDA and SATYA SAI BABA NAG CHAMPA. Packaging for the products, which are collectively referred to hereafter as "Plaintiffs' Packaging," is shown below:



























62.     Plaintiffs' Packaging for each of the Plaintiff's Incense Products displays Plaintiff Shrinivas Sugandhalaya (BNG) LLP's address at 1/9, 8th Cross, Magadi Road, Bengaluru – 560 023, INDIA.

63.     Defendant Shrinivas Sugandhalaya LLP exports Defendant's Incense Products to the United States where the products are imported by Defendant R. Expo (USA), Inc. and distributed, offered for sale, sold and promoted throughout the United States under the SHRINIVAS SUGANDHALAYA mark by Defendant R. Expo (USA), Inc., including in this District.

64.     Defendant's Incense Products are also offered for sale under the SHRINIVAS SUGANDHALAYA mark directly to United States consumers, including in this District, by Defendant R. Expo (USA), Inc. from its interactive website which is hosted at www.rexpo.com.  Defendant R. Expo (USA), Inc.'s website allows residents of the State of Alabama to select one or more of Defendant's Incense Products for purchase, purchase the one or more products and cause the products to be shipped into Alabama, including into this District.

65.    Defendant's Incense Products exported to and distributed within the United States by R. Expo (USA), Inc. include, *inter alia*, products promoted under the names CELESTIAL, PATCHOULI FOREST, MIDNIGHT, SUNRISE, SANDALWOOD, BLESSINGS, FORTUNE, JASMINE-BLOSSOM, RAINFOREST and ROMANCE (collectively, "Oriental Series of Incense Products"). Packaging for the Oriental Series of Incense Products (Defendants' Packaging") is shown below:















66.    Defendants' Packaging for each of Defendant's Oriental Series of Incense Products displays Defendant Shrinivas Sugandhalaya LLP's address at "E-105, Ansa Industrial Estate, Saki-Vihar Road, Sakinaka, Mumbai – 400 072, Maharashtra, INDIA."

67.    Plaintiffs' Incense Products packaged within Plaintiffs' Packaging can be purchased from retail stores located within this District.

68.    Defendant's Oriental Series of Incense Products packaged within Defendants' Packaging can be purchased from retail stores located within this District.

69.    In fact, there are retail locations within this District that offer for sale Plaintiffs' Incense Products packaged within Plaintiffs' Packaging and Defendant's Oriental Series of Incense Products packaged within Defendants' Packaging.

70.    Because Plaintiff Shrinivas Sugandhalaya (BNG) LLP and Defendant Shrinivas Sugandhalaya LLP independently manufacture, package, promote, distribute, offer for sale and sell their respective incense products and the parties' respective incense products are sold within the same retail locations, Plaintiff Shrinivas Sugandhalaya (BNG) LLP and Defendant Shrinivas Sugandhalaya LLP have become and are dirtect competitors.

## DEFENDANTS' WRONGFUL ACTS

### Defendants' Distribution of Incense Products Within the United States Bearing Plaintiff Shrinivas Sugandhalaya (BNG) LLP's Address

71.   In addition to the Oriental Series of Incense Products, Defendant's Incense Products include a product promoted under the name SATYA SAI BABA NAG CHAMPA ("Defendant's SATYA SAI BABA NAG CHAMPA branded product"), which is distributed, promoted, offered for sale and sold within the United States by Defendants, including in this District.

72.    Upon information and belief, Defendant's SATYA SAI BABA NAG CHAMPA branded product is manufactured at "E-105, Ansa Industrial Estate, Sakivihar Road, Sakinaka, Mumbai – 400 072, Maharashtra, India."

73.   Upon information and belief, Defendant's SATYA SAI BABA NAG CHAMPA branded product is Defendant Shrinivas Sugandhalaya LLP's most successful selling product in the United States and represents a majority of Defendant Shrinivas Sugandhalaya LLP's sales of incense products in the United States.

74.   Plaintiff Shrinivas Sugandhalaya (BNG) LLP also offers for sale in the United States, including in this District, an incense product promoted under the name SATYA SAI BABA NAG CHAMPA ("Plaintiff's SATYA SAI BABA NAG CHAMPA branded product").

75.   Plaintiff's SATYA SAI BABA NAG CHAMPA branded product and Defendant's SATYA SAI BABA NAG CHAMPA branded product differ in that Plaintiff's SATYA SAI BABA NAG CHAMPA branded product is handmade in

Bengaluru, while Defendant's SATYA SAI BABA NAG CHAMPA branded product is machine-made in Mumbai.

76.     Plaintiff's SATYA SAI BABA NAG CHAMPA branded product is of a higher quality than Defendant's SATYA SAI BABA NAG CHAMPA branded product because Plaintiff's SATYA SAI BABA NAG CHAMPA branded product is handmade, while Defendant's SATYA SAI BABA NAG CHAMPA branded product is machine-made.

77.     Because Plaintiff's SATYA SAI BABA NAG CHAMPA branded product is of a higher quality than Defendant's SATYA SAI BABA NAG CHAMPA branded product, consumers prefer Plaintiff's SATYA SAI BABA NAG CHAMPA branded product over Defendant's SATYA SAI BABA NAG CHAMPA branded product.

78.     Packaging for Defendant's SATYA SAI BABA NAG CHAMPA incense product is shown below:



79.     Displayed on the front of the packaging for Defendant's SATYA SAI BABA NAG CHAMPA branded product is the address of Plaintiff Shrinivas Sugandhalaya (BNG) LLP's facility located at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA."

80.     Defendant's SATYA SAI BABA NAG CHAMPA branded product is not manufactured or stored at, or shipped from, "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA," and Plaintiffs have not authorized Defendants to display such address on Defendant's SATYA SAI BABA NAG CHAMPA branded product.

81.     Defendants transact no business at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" and do not manage, support, oversee or fund any part of the manufacturing, storage, transportation, packaging, distribution or marketing of Defendant's SATYA SAI BABA NAG CHAMPA branded product from "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA."

82.     Defendants have no legitimate reason for displaying Plaintiff Shrinivas Sugandhalaya (BNG) LLP's "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address on Defendant's SATYA SAI BABA NAG CHAMPA branded product.

83.     Because Defendant's SATYA SAI BABA NAG CHAMPA branded product is not manufactured at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023,

INDIA" and Defendants have no legitimate reason for displaying Plaintiff Shrinivas Sugandhalaya (BNG) LLP's "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address on Defendant's SATYA SAI BABA NAG CHAMPA branded product, the address information provided on the packaging for Defendant's SATYA SAI BABA NAG CHAMPA branded product is false and misleading.

84.    Upon information and belief, Defendants' display of the "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address on packaging for Defendant's SATYA SAI BABA NAG CHAMPA branded product is intended to confuse, and has confused, consumers into mistakenly believing that Defendant's SATYA SAI BABA NAG CHAMPA branded product was manufactured in or originates from "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA," when it does not.

85.    Upon information and belief, Defendants desire for consumers to mistakenly believe that Defendant's SATYA SAI BABA NAG CHAMPA branded product originates from the facility located at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA," because Plaintiff's SATYA SAI BABA NAG CHAMPA branded product is handmade and superior to Defendant's SATYA SAI BABA NAG CHAMPA branded product, which is manufactured in Mumbai by machines.

86.     As a result of the foregoing facts, consumers are likely to believe that Defendant's SATYA SAI BABA NAG CHAMPA branded product is manufactured or endorsed by, or originate from, Plaintiff Shrinivas Sugandhalaya (BNG) LLP, when it does not.

87.     Upon information and belief, Defendants have intentionally created confusion in the marketplace as to the source of the Defendant's SATYA SAI BABA NAG CHAMPA branded product for the purpose of misleading consumers to purchase the product, mistakenly believing the product to have originated from, or been manufactured by, Plaintiff Shrinivas Sugandhalaya (BNG) LLP, when it has not.

88.     Defendants' display of the "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address on Defendant's SATYA SAI BABA NAG CHAMPA branded product is intended to damage, and has damaged, Plaintiffs, all to the benefit of Defendants.

89.     Because consumers are being deceived by Defendants into mistakenly associating Defendant's SATYA SAI BABA NAG CHAMPA branded product with Plaintiff Shrinivas Sugandhalaya (BNG) LLP and Plaintiff's SATYA SAI BABA NAG CHAMPA branded product, the Plaintiff's business reputation and the goodwill generated by Plaintiff's SATYA SAI BABA NAG CHAMPA branded product are being damaged.

90.     Upon information and belief, Plaintiff Shrinivas Sugandhalaya (BNG) LLP has lost sales because of Defendants' deception.

## Defendants' Bait and Switch Scheme

91.     Defendant's Oriental Series of Incense Products are advertised by Defendant Shrinivas Sugandhalaya LLP on its website hosted at www.houseofnagchampa.com. However, the packaging shown on the website for Defendant's Oriental Series of Incense Products is different from Defendant's Packaging, as depicted and alleged above in paragraph 65. Photographs of the Oriental Series of Incense Products displayed on the website hosted at www.houseofnagchampa.com are provided below:





















92.    The packaging for each of the Oriental Series of Incense Products displayed in Plaintiff Shrinivas Sugandhalaya LLP's website displays Plaintiff Shrinivas Sugandhalaya (BNG) LLP's address at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA." This is different from Defendants' Packaging which displays Defendant Shrinivas Sugandhalaya LLP's address in Mumbai, India.

93.    Defendant R. Expo (USA), Inc. advertises, offers for sale and sells Defendant Shrinivas Sugandhalaya LLP's Oriental Series of Incense Products on its website hosted www.rexpo.com.  Like Defendant Shrinivas Sugandhalaya LLP, Defendant R. Expo (USA), Inc. advertises Defendant Shrinivas Sugandhalaya LLP's Oriental Series of Incense Products in packaging other than Defendants'

Packaging.  Photographs of the Oriental Series of Incense Products displayed on the website hosted at www.rexpo.com are provided below:





















94.     The packaging for each of the Oriental Series of Incense Products displayed on Defendant R. Expo (USA), Inc.'s website displays Plaintiff Shrinivas Sugandhalaya (BNG) LLP's address at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA." This is different from Defendants' Packaging which displays Defendant Shrinivas Sugandhalaya LLP's address in Mumbai, India.

95.     Defendant's Oriental Series of Incense Products are not manufactured or stored at, or shipped from, "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA," and Plaintiffs have not authorized Defendants to display such address on Defendants' respective websites in connection with Defendant's Oriental Series of Incense Products.

96.     Defendants do not manage, support, oversee or fund any part of the manufacturing, storage, transportation, packaging, distribution or marketing of

Defendant's Oriental Series of Incense Products from "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA."

97.    Defendants have no legitimate reason for displaying Plaintiff Shrinivas Sugandhalaya (BNG) LLP's "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address on Defendants' respective websites in connection with Defendant's Oriental Series of Incense Products.

98.    Because Defendant's Oriental Series of Incense Products are not manufactured at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" and Defendants have no legitimate reason for displaying Plaintiff Shrinivas Sugandhalaya (BNG) LLP's "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address on Defendants' respective websites in connection with any product, the address information provided on the packaging displayed on the Defendant's respective websites for Defendant's Oriental Series of Incense Products is false and misleading.

99.    Upon information and belief, Defendants' display of the "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address on their websites is intended to confuse, and has confused, consumers into mistakenly believing that Defendant's Oriental Series of Incense Products were manufactured in or originate from "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA," when they do not.

100.   Upon information and belief, Defendants desire for consumers to mistakenly believe that Defendant's Oriental Series of Incense Products originate from the facility located at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA," because Plaintiffs' Incense Products are superior to Defendant's Oriental Series of Incense Products, which are manufactured in Mumbai.

101.   As a result of the foregoing facts, consumers are likely to believe that Defendant's Oriental Series of Incense Products are manufactured or endorsed by, or originate from, Plaintiff Shrinivas Sugandhalaya (BNG) LLP, when they do not.

102.   Upon information and belief, Defendants have intentionally created confusion in the marketplace as to the source of the Defendant's Oriental Series of Incense Products for the purpose of misleading consumers to purchase the products, mistakenly believing the products to have originated from, or been manufactured by, Plaintiff Shrinivas Sugandhalaya (BNG) LLP, when they have not.

103.   Consumers who purchase Defendant's Oriental Series of Incense Products from Defendant R. Expo (USA), Inc.'s website at www.rexpo.com do so expecting to receive incense products packaged within containers that communicate to the consumers that the incense products originated from "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA," but instead they receive incense products packaged within Defendants' Packaging which communicates to the

consumers that the incense products originated from "E-105, Ansa Industrial Estate, Sakivihar Road, Sakinaka, Mumbai – 400 072, Maharashtra, India."

104.   Defendants' display of the "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address on Defendant's Oriental Series of Incense Products is intended to damage, and has damaged, Plaintiffs Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP, all to the benefit of Defendants.

105.   Because consumers are being deceived by Defendants into mistakenly associating Defendant's Oriental Series of Incense Products with Plaintiff Shrinivas Sugandhalaya (BNG) LLP and Plaintiff's Incense Products, the Plaintiffs' business reputation and the goodwill generated by Plaintiff's Incense Products are being damaged.

106.   Upon information and belief, Plaintiff Shrinivas Sugandhalaya (BNG) LLP has lost sales because of Defendants' deception.

### Defendants' Interference With Plaintiff Shrinivas Sugandhalaya (BNG) LLP's Business and Contractual Relationships

107.   Defendants have undertaken a scheme to intentionally interfere with the business relations of Plaintiff Shrinivas Sugandhalaya (BNG) LLP by demanding that Shrinivas Sugandhalaya (BNG) LLP's United States distributors cease importing, purchasing, offering for sale, selling and promoting Plaintiffs' Incense Products in the United States.

108.   Defendants' scheme involves sending cease and desist letters to Plaintiff Shrinivas Sugandhalaya (BNG) LLP's distributors wherein Defendants (i) allege that the packaging of the Plaintiff's Incense Products infringes upon Defendants' alleged trade dress rights in the packaging of the Oriental Series of Incense Products, (ii) demand that the distributors immediately cease importing, purchasing, offering for sale, selling and promoting Plaintiffs' Incense Products, (iii) demand an accounting for all incense products manufactured, imported or sold by the distributors in the allegedly infringing packaging, and (iv) threaten litigation if the demands are not met.

109.   Defendants' allegation that the packaging of the Plaintiffs' Incense Products infringes upon the Defendants' alleged trade dress rights in the packaging of the Oriental Series of Incense Products is false and inconsistent with the Partnership Applications, wherein he claimed that the Partnership Packaging depicted in the applications was owned exclusively by the Partnership.

110.   To the extent Plaintiff Shrinivas Sugandhalaya (BNG) LLP's promotion of Plaintiffs' Incense Products incorporates any design feature found in Defendants' Packaging, it is authorized to do so by the Partnership and carried out under the supervision of Plaintiff Balkrishna Setty, in his capacity as an owner and partner of the Partnership.

111.   As a result of Defendants' scheme, a number of Plaintiff Shrinivas Sugandhalaya (BNG) LLP's distributors have cancelled orders of Plaintiffs' Incense products and ceased doing business with Plaintiff Shrinivas Sugandhalaya (BNG) LLP.

112.   The success of Defendants' scheme is described in an e-mail dated December 18, 2015, from Mr. Raj K. Mathur, president of Defendant R. Expo (USA), Inc. to Mr. Ian Snow, wherein Mr. Raj K. Mathur writes, in part,

> "What I have done in USA is very appropriate.  I sent that letter, the one I sent to you earlier, to all the distributors/importers in USA, that I know of, and I talked to some of the importers and distributors not to get involved in this mass [sic].  They have agreed to me.  Those who had ordered from Bangalore, have cancelled their orders.  I believe I have total success in this matter.  Now we are trying to the same in U.K. and Mr. Nagraj is ready to help and absorb costs."

113.   Defendants were aware of Plaintiff Shrinivas Sugandhalaya (BNG) LLP's protectable business relationships with its United States distributors when Defendants demanded that the Plaintiff's distributors cease importing, purchasing, offering for sale, selling and promoting Plaintiffs' Incense Products in the United States.

114.   Defendants were strangers to Plaintiff Shrinivas Sugandhalaya (BNG) LLP's protectable business relationships with its United States distributors and had no legitimate basis for demanding that Plaintiff Shrinivas Sugandhalaya (BNG)

LLP's distributors cease importing, purchasing, offering for sale, selling and promoting Plaintiffs' Incense Products in the United States.

115.   As a result of the foregoing facts, Defendants have caused and will continue to cause irreparable harm to Plaintiffs for which Plaintiffs no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief.

116.   As a result of the foregoing facts, Defendants have damaged, and will continue to damage, Plaintiffs including causing Plaintiff Shrinivas Sugandhalaya (BNG) LLP to lose sales and suffer damage to its reputation in the marketplace, all to the benefit and profit of Defendants.

### Misappropriation of the SHRINIVAS SUGANDHALAYA mark and Fraudulent Procurement of United States Trademark Registrations

117.   In 2015, Defendant Shrinivas Sugandhalaya LLP filed three trademark applications with the USPTO for marks incorporating the SHRINIVAS SUGANDHALAYA mark.

118.   In particular, on February 25, 2015, Mr. Nagraj Setty filed on behalf of Defendant Shrinivas Sugandhalaya LLP U.S. Trademark Application No. 86/545,029 ("the '029 Application") for the mark SHRINIVAS SUGANDHALAYA LLP. and Design for air fragrance preparations in the form of incense sticks, agarbatti, masala incense sticks, perfumed incense sticks, dhoop sticks, dhoop cones and dhoop powder, claiming a date of first use of November

20, 2014. U.S. Trademark Registration No. 4,865,759 ("the 759 Registration") issued from the '029 Application on December 8, 2015.

119.   On February 25, 2015, Mr. Nagraj Setty filed on behalf of Defendant Shrinivas Sugandhalaya LLP U.S. Trademark Application No. 86/545,027 ("the '027 Application") for the mark SHRINIVAS SUGANDHALAYA LLP for air fragrance preparations in the form of incense sticks, agarbatti, masala incense sticks, perfumed incense sticks, dhoop sticks, dhoop cones and dhoop powder, claiming a date of first use of November 20, 2014.  U.S. Trademark Registration No. 4,865,758 ("the 758 Registration") issued from the '027 Application on December 8, 2015.

120.   On February 25, 2015, Mr. Nagraj Setty filed on behalf of Defendant Shrinivas Sugandhalaya LLP U.S. Trademark Application No. 86/545,030 ("the '030 Application") for the mark SHRINIVAS SUGANDHALAYA LLP. · MUMBAI - 400072 · INDIA · and Design for air fragrance preparations in the form of incense sticks, agarbatti, masala incense sticks, perfumed incense sticks, dhoop sticks, dhoop cones and dhoop powder, claiming a date of first use of November 20, 2014. U.S. Trademark Registration No. 4,869,704 ("the 704 Registration") issued from the '030 Application on December 8, 2015.

121.   When Mr. Nagraj Setty, as the designated partner of Defendant Shrinivas Sugandhalaya LLP submitted the '027 Application, the '029 Application

and the '030 Application (collectively, "Defendant's Trademark Applications), his declaration in each application that no other person has the right to use the SHRINIVAS SUGANDHALAYA LLP mark in commerce was false because the Partnership had priority in the mark based on its prior use of the SHRINIVAS SUGANDHALAYA mark in the United States.

122.   As a result of Mr. Nagraj Setty's willful misrepresentations on behalf of Defendant Shrinivas Sugandhalaya LLP to the USPTO, Defendant Shrinivas Sugandhalaya LLP fraudulently obtained the '759 Registration, the '758 Registration and the '704 Registration (collectively, "Defendant's Trademark Registrations").

123.   When Mr. Nagraj Setty, as the designated partner of Defendant Shrinivas Sugandhalaya LLP submitted Defendant's Trademark Applications he did so without the knowledge or authorization of Plaintiff Balkrishna Setty or the Partnership.

124.   When Mr. Nagraj Setty, as the designated partner of Defendant Shrinivas Sugandhalaya LLP submitted Defendant's Trademark Applications without the authorization of Plaintiff Balkrishna Setty and the Partnership, he did so in violation of the Partnership Deed and Indian Partnership Act, 1932. Specifically, in violation of Section 13 of the Partnership Deed and Sections 12, 14 and 19 of the Indian Partnership Act, 1932, Defendant Shrinivas Sugandhalaya

LLP and Mr. Nagraj Setty attempted to divest the Partnership of its exclusive intellectual property rights in the mark SHRINIVAS SUGANDAHAAYA.

125.   Because each of Defendant's Trademark Applications was filed without the authorization of Plaintiff Balkrishna Setty and the Partnership and in violation of the Partnership Deed and the Indian Partnership Act, 1932, each of the Defendant's Trademark Registrations is *void ab initio*.

126.   In an attempt to prevent Defendant Shrinivas Sugandhalaya LLP's misappropriation of the SHRINIVAS SUGANDHAYALA mark arising from the fraudulent and unauthorized procurement of Defendant's Trademark Registrations, Plaintiff Balkrishna Setty authorized the filing of a Notice for Cancellation of each of the Defendant's Trademark Registrations on behalf of the Partnership, namely, Cancellation Nos. 92063512, 92063509 and 92063532.

127.   The filing of the Notice for Cancellation for each of the Defendant's Trademark Registrations was consistent with and authorized by the Deed of Partnership and Indian Partnership Act, 1932.

128.   Without the knowledge or authorization of Plaintiff Balkrishna Setty or the authorization of the Partnership, Mr. Nagraj Setty filed a Withdrawal of Petition to Cancel of each of Cancellation Nos. 92063512, 92063509 and 92063532, and as a consequence thereof, the Trademark Trial & Appeal Board dismissed each of the cancellation proceedings with prejudice.

129.   Filing of the Withdrawal of Petition to Cancel of each of Cancellation Nos. 92063512, 92063509 and 92063532 was in violation of the Deed of Partnership including, but not limited to, Section 13 thereof, and the Indian Partnership Act, 1932 including, but not limited to, Sections 12, 14 and 19 thereof. Accordingly, Mr. Nagraj Setty lacked authority to file the Withdrawal of Petition to Cancel of each of Cancellation Nos. 92063512, 92063509 and 92063532, and therefore, the Trademark Trial & Appeal Board's dismissal of each of the cancellations is due to be vacated.

130.   Upon information and belief, Defendant Shrinivas Sugandhalaya LLP procured Defendant's Trademark Registrations in bad faith in an effort transfer ownership of the Partnership's exclusive rights in the SHRINIVAS SUGANDHLAYA mark to Defendant Shrinivas Sugandhalaya LLP.

131.   Upon information and belief, Defendant Shrinivas Sugandhalaya LLP improperly procured Defendant's Trademark Registrations in an effort to prevent, diminish or interfere with Plaintiffs' use and enjoyment of the SHRINIVAS SUGANDHALAYA mark.

132.   Defendant Shrinivas Sugandhalaya LLP's fraudulent procurement and ownership of the Defendant's Registrations have damaged and will continue to damage Plaintiffs.

133.   Defendant Shrinivas Sugandhalaya LLP's fraudulent procurement and ownership of Defendant's Trademark Registrations have diminished the value of the SHRINIVAS SUGANDHALAYA mark to the detriment of Plaintiffs.

## COUNT I

## UNFAIR COMPETITION, FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING DESCRIPTIONS AND REPRESENTATIONS

134.   Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

135.   Defendants' display of Plaintiff Shrinivas Sugandhalaya (BNG) LLP's address at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" on packaging for products manufactured by Defendant Shrinivas Sugandhalaya LLP in Mumbai including Defendant's SATYA SAI BABA NAG CHAMPA branded product and distribution of such products and product packaging throughout the United States, including in this District, constitutes unfair competition, false designation of origin and false advertising pursuant to 15 U.S.C. § 1125(a).

136.   Defendant R. Expo (USA), Inc.'s display of Plaintiff Shrinivas Sugandhalaya (BNG) LLP's address at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" on packaging for products advertised on Defendant R. Expo (USA), Inc. website hosted at www.rexpo.com which are in fact manufactured by Defendant Shrinivas Sugandhalaya LLP in Mumbai and distribution of such

products and product packaging throughout the United States, including in this District, constitutes unfair competition, false designation of origin and false advertising pursuant to 15 U.S.C. § 1125(a).

137.   Defendants' use of Plaintiff Shrinivas Sugandhalaya (BNG) LLP's address at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" is deceptive and likely to cause confusion and mistake among consumers.

138.   Defendants' unfair competition, false designation of origin and false advertising has caused and will continue to cause damage to Plaintiffs.

139.   Upon information and belief, Defendants' actions are undertaken for the willful and calculated purpose of misleading consumers to believe that Defendant's SATYA SAI BABA NAG CHAMPA branded product originates from Bengaluru and Plaintiff Shrinivas Sugandhalaya (BNG) LLP's manufacturing facility located at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA," when in fact they do not.

140.   Upon information and belief, Defendants' bait and switch scheme is undertaken for the willful and calculated purpose of misleading consumers to believe that the consumers are purchasing incense products originating from Plaintiff Shrinivas Sugandhalaya (BNG) LLP's manufacturing facility located at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA," when in fact the

consumers are purchasing Defendant's incense products that are manufactured in Mumbai.

141.   The activities of Defendants have caused and will cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

142.   In addition to Plaintiffs' actual damages, Plaintiffs are entitled to receive Defendants' profits pursuant to 15 U.S.C. § 1117(a).

143.   Plaintiffs are also entitled to recover their attorneys' fees and cost of suit pursuant to 15 U.S.C. § 1117.

## COUNT II

### FRAUDULENT PROCUREMENT OF FEDERAL TRADEMARK REGISTRATIONS IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. §1120

144.   Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

145.   Each of the '029 Application, the '027 Application and the '030 Application was submitted to the USPTO on behalf of Defendant Shrinivas Sugandhalaya LLP with the following declaration of ownership:

> The signatory believes that: if the applicant is filing the application under 15 U.S.C. Section 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant or the applicant's related company or licensee is using the mark in commerce

on or in connection with the goods/services in the application, and such use by the applicant's related company or licensee inures to the benefit of the applicant; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. Section 1051(b), Section 1126(d), and/or Section 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

146.   When Defendant Shrinivas Sugandhalaya LLP submitted each of the '030 Application, the '029 Application and the '027 Application, its declaration of ownership of the SHRINIVAS SUGANDHALAYA LLP. · MUMBAI - 400072 · INDIA · and Design mark, the SHRINIVAS SUGANDHALAYA mark and the SHRINIVAS SUGANDHALAY LLP. and Design mark, respectively, was false, and the Defendant knew its declaration was false.

147.   When Defendant Shrinivas Sugandhalaya LLP submitted each of the '030 Application, the '029 Application and the '027 Application, its declaration that no other person has the right to use the SHRINIVAS SUGANDHALAYA

LLP. · MUMBAI - 400072 · INDIA · and Design mark, the SHRINIVAS SUGANDHALAYA mark and the SHRINIVAS SUGANDHALAY LLP. and Design mark, respectively, in commerce was false, and the Defendant knew the declaration was false.

148.   When Defendant Shrinivas Sugandhalaya LLP submitted each of the '030 Application, the '029 Application and the '027 Application, it knew that the Partnership owned the SHRINIVAS SUGANDHALAYA mark and that the Partnership had been using the mark in commerce in the United States well before the Defendant's first adopted or used the SHRINIVAS SUGANDHALAYA LLP. · MUMBAI - 400072 · INDIA · and Design mark, the SHRINIVAS SUGANDHALAYA LLP mark and the SHRINIVAS SUGANDHALAYA LLP. and Design mark anywhere.

149.   When Defendant Shrinivas Sugandhalaya LLP submitted each of the '030 Application, the '029 Application and the '027 Application, it knew that Plaintiff Shrinivas Sugandhalaya (BNG) LLP was authorized by the Partnership to use the SHRINIVAS SUGANDHALAYA mark in the United States.

150.   Upon information and belief, Defendant Shrinivas Sugandhalaya LLP willfully misrepresented to the USPTO that it owned the SHRINIVAS SUGANDHALAYA LLP. · MUMBAI - 400072 · INDIA · and Design mark, the SHRINIVAS SUGANDHALAYA LLP mark and the SHRINIVAS

SUGANDHALAYA LLP. and Design mark and that no other person has the right to use the marks for the purpose of misleading the USPTO so that it may obtain trademark registrations to which the Defendant was not entitled.

151.   As a result of Defendant Shrinivas Sugandhalaya LLP's willful misrepresentations and false declarations to the USPTO, the Defendant procured U.S. Trademark Registration Nos. 4,865,759, 4,865,758 and 4,869,704.

152.   On April 4, 2016, the Partnership filed U.S. Trademark Application No. 86/963,089 ("the '089 Application") for the mark SHRINIVAS SUGANDHALAYA for air fragrance preparations in the form of incense sticks, dhoop sticks, dhoop cones and dhoop powder, claiming a date of first use of December 31, 1973.

153.   On July 26, 2016, the USPTO issued a rejection of the '089 Application on the basis that the Partnership's SHRINIVAS SUGANDHALAYA mark is confusingly similar to the marks of Defendant Shrinivas Sugandhalaya LLP's U.S. Registration Nos. 4,865,758, 4,865,759 and 4,869,704.

154.   The Partnership's inability to obtain a federal trademark application protecting its SHRINIVAS SUGANDHALAYA mark in the United States because of the existence of the '758 Registration, the '759 Registration and the '704 Registration, which were fraudulently procured by Defendant Shrinivas Sugandhalaya LLP, has damaged and will continue to damage Plaintiffs, including

the loss of federal trademark priority that should have resulted from the filing date of the '089 Application.

155.   The Partnership's inability to obtain a federal trademark application protecting its SHRINIVAS SUGANDHALAYA mark in the United States because of the existence of the '758 Registration, the '759 Registration and the '704 Registration has diminished and will continue to diminish the value of the Partnership's SHRINIVAS SUGANDHALAYA mark and the goodwill associated with the mark, all to the detriment of Plaintiffs.

156.   By reason of the foregoing acts, Defendant Shrinivas Sugandhalaya LLP is liable to Plaintiffs for all damages they have sustained as a result Defendant Shrinivas Sugandhalaya LLP's fraudulent procurement of the '759 Registration, the '758 Registration and the '704 Registration under 15 U.S.C. § 1120.

## COUNT III

### CANCELLATION OF TRADEMARK
### REGISTRATIONS UNDER 15 U.S.C. §1119

157.    Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

158.   The U.S. Trademark Registrations sought to be cancelled are U.S. Registration Nos. 4,865,758, 4,865,759 and 4,869,704.

159. The Partnership has made substantial and continuous use of the SHRINIVAS SUGANDHALAYA mark in connection with the Partnership Goods in the United States since at least about 1973.

160. Well after the Partnership's first use of the SHRINIVAS SUGANDHALAYA mark in the United States, Defendant Shrinivas Sugandhalaya LLP adopted the SHRINIVAS SUGANDHALAYA LLP. · MUMBAI - 400072 · INDIA · and Design mark, the SHRINIVAS SUGANDHALAYA LLP mark and the SHRINIVAS SUGANDHALAYA LLP. and Design mark in the United States. The Partnership's rights in the SHRINIVAS SUGANDHALAYA mark are therefore superior to the Defendant's rights in the SHRINIVAS SUGANDHALAYA LLP. · MUMBAI - 400072 · INDIA · and Design mark, the SHRINIVAS SUGANDHALAYA LLP mark and the SHRINIVAS SUGANDHALAYA LLP. and Design mark.

161. With knowledge of the Partnership's exclusive ownership rights in the SHRINIVAS SUGANDHALAYA mark, Defendant Shrinivas Sugandhalaya LLP fraudulently procured the '758 Registration, the '759 Registration and the '704 Registration.

162. Defendant Shrinivas Sugandhalaya LLP is not the rightful owner of the SHRINIVAS SUGANDHALAYA mark.

163.   If Defendant Shrinivas Sugandhalaya LLP is permitted to retain the '758 Registration, the '759 Registration and the '704 Registration, Plaintiffs will be further damaged.

164.   By reason of the foregoing facts, U.S. Trademark Registrations Nos. 4,865,758, 4,865,759 and 4,869,704 should be cancelled pursuant to the Lanham Act, 15 U.S.C. §1119.

## COUNT IV

## TORTIOUS INTERFERENCE

165.   Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

166.   Defendants have intentionally interfered with the business relations of Plaintiff Shrinivas Sugandhalaya (BNG) LLP by sending cease and desist letters to Plaintiff Shrinivas Sugandhalaya (BNG) LLP's distributors wherein Defendants allege that the packaging of the Plaintiffs' Incense Products infringes upon the Defendants' trade dress rights in the packaging of the Oriental Series of Incense Products.

167.   Defendants have intentionally interfered with the business relations of Plaintiff Shrinivas Sugandhalaya (BNG) LLP by demanding that Plaintiff's distributors immediately cease importing, purchasing, offering for sale, selling and promoting Plaintiffs' Incense Products.

168.   Defendants have intentionally interfered with the business relations of Plaintiff Shrinivas Sugandhalaya (BNG) LLP by demanding an accounting for all incense products manufactured, imported or sold by Plaintiff's distributors in the allegedly infringing packaging.

169.   Defendants have intentionally interfered with the business relations of Plaintiff Shrinivas Sugandhalaya (BNG) LLP by threatening litigation against Plaintiffs' distributors if Defendants' demands are not met.

170.   As a result of Defendants' scheme, a number of Plaintiff Shrinivas Sugandhalaya (BNG) LLP's United States distributors have cancelled orders of Plaintiffs' Incense Products and ceased doing business with Plaintiff Shrinivas Sugandhalaya (BNG) LLP, all to the detriment of Plaintiffs and benefit of Defendants who, upon information and belief, consequently made sales to the distributors.

171.   Defendants were aware of Plaintiff Shrinivas Sugandhalaya (BNG) LLP's protectable business relationships with the Plaintiff's United States distributors when Defendants demanded that the distributors cease importing, purchasing, offering for sale, selling and promoting Plaintiffs' Incense Products in the United States.

172.   Defendants were strangers to Plaintiff Shrinivas Sugandhalaya (BNG) LLP's protectable business relationships with the Plaintiff's United States

distributors and had no legitimate basis for demanding that Plaintiff Shrinivas Sugandhalaya (BNG) LLP's distributors cease importing, purchasing, offering for sale, selling and promoting Plaintiff Shrinivas Sugandhalaya (BNG) LLP's incense products in the United States.

173.   As a result of the foregoing facts, Defendants have caused and will continue to cause irreparable harm to Plaintiffs for which Plaintiffs have no adequate remedy at law. Accordingly, Plaintiffs are entitled to injunctive relief.

174.   As a result of the foregoing facts, Defendants have intentionally inflicted upon Plaintiff Balkrishna Setty severe anxiety and emotional and mental distress.

175.   As a result of the foregoing facts, Defendants have damaged and will continue to damage Plaintiffs, including causing Plaintiffs to lose sales and suffer damage to their business reputations.

## COUNT V

## DECLARATION OF NON-TRADE DRESS INFRINGEMENT

176.   Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

177.   Defendants each allege that they own trade dress rights in the product packaging for the Oriental Series Incense Products manufactured and packaged by

Defendant Shrinivas Sugandhalaya LLP and distributed in the United States by Defendant R. Expo (USA), Inc.

178.   Defendants allege that Plaintiff Shrinivas Sugandhalaya (BNG) LLP and/or its United States distributors are infringing upon Defendants' trade dress rights in the product packaging for the Oriental Series Incense Products by distributing within the United States incense products in packages that are alleged replicas of the packaging for Defendants' Oriental Series Incense Products.

179.   Defendants have demanded that Plaintiff Shrinivas Sugandhalaya (BNG) LLP's United States distributors cease purchasing, promoting and reselling the allegedly infringing incense products and have demanded an accounting from such distributors of all allegedly infringing incense products imported or sold.

180.   Defendants have threatened litigation against Plaintiffs' distributors if the distributors do not meet Defendants' demands.

181.   Plaintiff Shrinivas Sugandhalaya (BNG) LLP denies that it or its United States distributors' promotion, offering sale and selling of the allegedly infringing incense products infringes upon any trade dress rights Defendants claim in the Oriental Services Incense Products.

182.   Plaintiffs do not infringe upon any of Defendants' alleged trade dress rights because Plaintiff's Packaging is not confusingly similar to Defendants' packaging.

183.   Plaintiffs do not infringe upon any of Defendants' alleged trade dress rights because any trade dress rights in the packaging for the Oriental Series Incense Products, and any associated goodwill, are owned exclusively by the Partnership, and Plaintiff Shrinivas Sugandhalaya (BNG) LLP and its United States distributors are authorized by Plaintiff Balkrishna Setty, in his capacity as a partner of the Partnership, to promote, offer for sale and sell incense products under the alleged trade dress rights.

184.   Because of Defendants' demands, Plaintiffs are under an imminent apprehension of litigation for their continued use of the allegedly infringing product packaging.  Plaintiffs have no other existing, speedy, adequate or proper remedy other than a declaration and determination of the parties' rights as prayed for herein.

**COUNT VI**

**UNFAIR COMPETITION**

185.   Plaintiffs reallege all previous paragraphs of this Complaint as if fully set forth herein.

186.   Defendants, by their conduct described above, are using in commerce in the State of Alabama product packaging displaying Plaintiff Shrinivas Sugandhalaya Partnership's address at "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" in connection with advertising, sale, offering for sale, promotion

and distribution of incense.  Defendants' use of the product packaging displaying Plaintiffs' address in Bengaluru, India is without Plaintiffs' authorization and constitutes passing off, false advertising and false designation of origin, all in violation of the law of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that:

1.    The   Court   enter   a   judgment   that   the   SHRINIVAS SUGANDHALAYA mark is valid and enforceable and owned exclusively by the Partnership;

2.    Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc., their   agents,   officers,   suppliers,   distributors,   employees,   representatives, successors, assigns, attorneys and all other persons acting for, with, by, through or under  authority  from  Defendants,  and  each  of  them,  be  temporarily  and permanently enjoined from:

> a.    displaying the "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address, or any colorable imitation thereof, on any products or product packaging, or in connection with the advertisement, offer for sale or sell of any product or service, including displaying the address on any website;

b.      interfering with the business relationships of Plaintiffs Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP;

c.      communicating to anyone that use by Plaintiffs Balkrishna Setty and Shrinivas Sugandhalaya (BNG) LLP and their agents, officers, suppliers, distributors, employees, representatives, successors, assigns, attorneys and all other persons acting for, with, of the SHRINIVAS SUGANDHALAYA mark or the Plaintiffs' Packaging is not authorized or constitutes an infringement of any trademark, service mark or trade dress rights;

d.      registering or attempting to register the SHRINIVAS SUGANDHALAYA mark, or any colorable imitation thereof, in the United States Patent & Trademark Office or any other office in the United States where trademarks are registered;

e.      registering or attempting to register trade dress rights in Defendants' Packaging in the United States Patent & Trademark Office or any other office in the United States where trade dress rights are registered; and

f.      opposing, withdrawing or attempting to oppose or withdraw any trademark application filed by, or trademark registration issued to, the

Partnership in the United States that incorporates the mark SHRINIVAS SUGANDHALAYA;

3.     A judgment that, pursuant to 15 U.S.C. § 1117, Defendants be held liable for all damages suffered by Plaintiffs resulting from the acts alleged herein and that such damages be trebled;

4.     Pursuant to 15 U.S.C. § 1117, Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc. be compelled to account and disgorge to Plaintiffs for any and all profits derived by them from their illegal acts complained of herein;

5.     Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc. be ordered pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing "1/9, 8th Cross, Magadi Rd, Bengaluru – 560 023, INDIA" address, as well as all plates, matrices, and other means of making the same;

6.     Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc. be ordered to submit a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, as provided by Section 34(a) of the Lanham Act;

7.      Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc. be ordered to pay an award of damages in an amount to be determined at trial, plus pre- and post- judgment interest;

9.      Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc. be ordered to pay an award of punitive damages as allowable under the law;

10.     Defendants Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc. be ordered to pay for corrective advertising to diminish the damage they have caused Plaintiffs by the act complained of herein;

11.     The Court declare that Defendant Shrinivas Sugandhalaya LLP procured U.S. Registration Nos. 4,865,758, 4,865,759 and 4,869,704 by a false or fraudulent declaration or representation in violation of 15 U.S. C. §1120, that such fraudulent procurement injured Plaintiffs and that Shrinivas Sugandhalaya LLP is liable to and shall compensate Plaintiffs for the damages sustained in consequence thereof;

12.     The court declare that U.S. Registration Nos. 4,865,758, 4,865,759 and 4,869,704 were procured through fraud and that Shrinivas Sugandhalaya LLP is not the true owner of the SHRINIVAS SUGANDHALAYA mark and order the USPTO to cancel U.S. Registration Nos. 4,865,758, 4,865,759 and 4,869,704 pursuant to 15 U.S.C. §1119;

13.     The court declare that Plaintiffs are authorized by the Partnership to use the SHRINIVAS SUGANDHALAYA mark and the Plaintiffs' Packaging and that Plaintiffs' distribution, use, offering for sale and selling of incense related products in the Plaintiff's Packaging does not infringe upon any trade dress rights of Defendants;

14.     The Court declare this to be an exceptional case and award Plaintiffs their full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

15.     The Court grant Plaintiffs any other remedy to which they may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law; and

16.     The Court grant Plaintiffs such and other further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues in this case.

DATED this 15th day of December, 2016.

Respectfully submitted,

*/s/ Scott S. Brown*
Scott S. Brown (ASB-7762-B655)
C. Brandon Browning (ASB-8933-W78C)

Attorneys for Plaintiffs

OF COUNSEL:
Maynard, Cooper & Gale, P.C.
2400 Regions/Harbert Plaza
1901 6th Avenue, North
Birmingham, AL  35203-2618
Phone: 205.254.1000
Fax: 205.254.1999
Email:  scottbrown@maynardcooper.com
Email:  bbrowning@maynardcooper.com


**Please serve the following Defendant via certified mail:**

R. Expo (USA), Inc.
2703 West Valley Highway
Auburn, Washington, 98001

**Plaintiff will serve the following Defendant via process server:**

Shrinivas Sugandhalaya LLP
E-105, Ansa Industrial Estate
Saki Vihar Road, Sakinaka
Mumbai, Maharashtra 400072
INDIA