FILED

2017 Jul-12  AM 08:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BALKRISHNA SETTY, et al.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Civil Action Number: |
| **v.** | ) | **2:16-cv-02013-AKK** |
| | ) | |
| **SHRINIVAS SUGANDHALAYA LLP,** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

Balkrishna Setty, a citizen and resident of India, and Shrinivas Sugandhalaya (BNG) LLP, a foreign limited liability partnership with its place of business in India, ("Plaintiffs"), filed this action against Shrinivas Sugandhalaya LLP and R. Expo (USA), Inc., ("Defendants"), alleging claims for unfair competition and trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and Alabama state law and common law claims for unfair competition and tortious interference with contractual and business relationships. *See generally* doc. 1. Before the court is R. Expo's motion to transfer venue to the Western District of Washington. Docs. 9 and 16. For the reasons stated below, the motion is due to be granted.

None of the parties in this lawsuit have any connection to this district — Plaintiffs are citizens of India, and Defendant Shrinivas Sugandhalaya LLP is a

foreign limited liability partnership with its place of business in India, and Defendant R. Expo is a Washington corporation whose principal place of business is in Auburn, Washington. *Id.* at 3. Plaintiffs have filed this lawsuit in this district nonetheless because they maintain that Defendants sell some of the products at issue all over the United States, including in this district.

A district court may transfer a civil action to any other district in which the action may have been filed "for the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In addressing a motion under § 1404(a), the court must establish first that the plaintiff could have originally filed the case in the venue to which it seeks to transfer the case, and, second, weigh a number of factors to determine if transfer is justified. *Stiefel Labs., Inc. v. Galderma Labs., Inc.*, 588 F. Supp. 2d 1336, 1338 (S.D. Fla. 2008). As to the first consideration, Plaintiffs do not dispute, and this court agrees, that they could have filed this action in the Western District of Washington in the first instance. *See* docs. 9 at 8; 17 at 4; *see also* 28 U.S.C. § 1391(b)(2)–(3) (venue for a civil action is proper either "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred" or in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action"). Therefore, the only issue here is whether the balance of factors justifies a transfer in this case.

To reach this determination, the court must utilize and weigh the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). None of these factors, which the court addresses in sequential order, favors jurisdiction in this court.

First, based on the unrefuted evidence, three of R. Expo's employees who are anticipated key trial witnesses reside in Washington. Docs. 9 at 8; 16-1 at 5–6. Although Plaintiffs are correct that R. Expo has control over these three employees, *see* doc. 17 at 9–10, their status as employees does not eliminate the inconvenience of this forum to these individuals. Therefore, because there are apparently no witnesses, including non-parties, located in this district, this factor militates in favor of transfer.

Second, there are no relevant documents located in Alabama, and although Plaintiffs are correct that technological advances have rendered this factor obsolete, *see* doc. 17 at 6, this factor also favors transfer.

Third, Alabama is not a convenient forum for any of the parties. Therefore, although courts "place[] little weight on the 'domicile of corporate defendants and their place of incorporation,'" *Am. Safety Cas. Ins. Co. v. Bio-Tech Solutions, Inc.*, No. 1:05-cv-3152, 2007 WL 951529, at *4 (N.D. Ga. March 26, 2007) (citation omitted), the domicile of R. Expo, the only party located in the United States, weighs slightly in favor of transfer.

Fourth, the only connection Alabama has to this dispute is the retail sale of the alleged infringing products here in Alabama. However, the products are manufactured in India and the disputed intellectual property rests with R. Expo in Washington. Therefore, at best, this factor is neutral.

For the fifth and sixth factors, no party has provided any evidence that trial in Birmingham will deprive them of the opportunity to call witnesses live or regarding the financial impact to litigate this case here. Therefore, these factors are neutral.

Seventh, a court sitting in Alabama has no greater expertise than one in Washington to hear these Alabama state law claims which arise out of the same set of facts as the Lanham Act claims. Moreover, even if the state claims are distinct from the Lanham Act claims, transfer will not handicap Plaintiffs because

4

Washington's state law claims for unfair competition[1] and tortious interference[2] consist of substantially similar elements as Alabama. Accordingly, this factor also favors transfer.

---

[1] In Alabama, "[u]nfair competition generally consists of 'palming off' on customers, who are buying with ordinary care, the goods or business of one person as and for the goods or business of another." *Jefferson Home Furniture Co. v. Jefferson Furniture Co.,* 349 So. 2d 5, 8 (Ala. 1977) (citations omitted). To make an unfair competition claim under Alabama law, "a plaintiff must demonstrate that 'its trade is in danger of harm from the use of its name by the [defendant] in such a manner as it is likely to deceive the public into the belief that the [defendant's] affairs, in the respect complained of, are those of the [plaintiff].'" *Choice Hotels Int'l, Inc. v. Kaushik*, 147 F. Supp. 2d 1242, 1256 (M.D. Ala. 2000), *aff'd sub nom. Choice Hotels Int'l v. Kaushik*, 260 F.3d 627 (11th Cir. 2001) (quoting *Fuqua v. Roberts,* 269 Ala. 59, 110 So. 2d 886, 887 (1959)). "In other words, a central element of a claim of trademark infringement under Alabama common law, just as under the Lanham Act, is the likelihood that consumers will be misled by the similarity of the parties' marks." *Id.*

 "Washington State courts have . . . adopted the 'likelihood of confusion' test for common law and statutory unfair competition claims." *eAcceleration Corp. v. Trend Micro, Inc*, 408 F. Supp. 2d 1110, 1114 (W.D. Wash. 2006). "The elements necessary to establish a likelihood of confusion for common law and statutory unfair competition claims in Washington are the same as for federal trademark infringement and unfair competition," *Safeworks, LLC v. Teupen Am., LLC*, 717 F. Supp. 2d 1181, 1192 (W.D. Wash. 2010).

[2] In Alabama, "[t]ortious interference with a contractual relationship and tortious interference with a business relationship are separate and distinct torts." *Hope For Families & Cmty. Serv., Inc. v. Warren*, 721 F. Supp. 2d 1079, 1177 (M.D. Ala. 2010) (quotation marks omitted). The elements of tortious interference with contractual or business relations under Alabama law are: (1) the existence of a contract or business relation, (2) the defendant's knowledge of the contract or business relation, (3) intentional interference with the contract or business relation, and (4) damage to the plaintiff as a result of the interference. *MAC E., LLC v. Shoney's*, 535 F.3d 1293, 1297 (11th Cir. 2008), *certified question answered sub nom. Shoney's LLC v. MAC E., LLC*, 27 So. 3d 1216 (Ala. 2009) (citation omitted).

Similarly, to succeed on a claim for tortious interference in Washington, a plaintiff must satisfy the following five elements: "(1) the existence of a valid contractual relationship or business expectancy; (2) defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) defendants interfered for an improper purpose or used improper means; and (5) resultant damage." *Owa v. Fred Meyer Stores*, No. 2:16-CV-01236-RAJ, 2017 WL 897808, at *4 (W.D. Wash. Mar. 7, 2017) (citing *Leingang v. Pierce Cty. Med. Bureau, Inc.,* 131 Wash. 2d 133, 157 (1997)).

Eighth, generally, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996) (quotation marks omitted). However, "[w]hen the plaintiff's choice is not its home forum . . . the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007). Therefore, this factor also favors transfer.

Finally, trial efficiency and the interests of justice also warrant transfer. The "interest of justice" factor requires that district courts weigh "those public-interest factors of systemic integrity and fairness." *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988). This case has little contacts with Alabama. In fact, none of the parties are located in Alabama, there is little connection between Alabama and Plaintiffs, the identified witnesses reside in Washington, and the only party to this lawsuit located in the United States is located in the Western District of Washington. Docs. 9 at 11, 15–16; 16-1 at 4. Accordingly, this factor favors transfer.

In sum, because a majority of the factors weigh in favor of transfer, in the court's discretion and based on the totality of the circumstances, R. Expo's motion to transfer venue, doc. 9, is **GRANTED**. *See Brown v. Conn. Gen. Life Ins. Co.*,

934 F.2d 1193, 1197 (11th Cir. 1991) ("The decision to transfer a case to another district is left to the sound discretion of the trial court.").

The Clerk is **DIRECTED** to transfer this file to the Western District of Washington.

**DONE** the 12th day of July, 2017.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE